101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
The BELMONTS, a Partnership consisting of Warren Gradus and
Fred Milano,
Plaintiff-Counter-Defendant-Appellant-
Cross-Appellee,
v.
Dion DIMUCCI, Defendant-Counter-Claimant-Appellee-Cross-Appellant,
Carlo Mastrangelo; Angelo D'Aleo, Dick Fox, Madison Square
Garden Corporation, Defendants-Counter-Claimants-Appellees.
 Nos. 95-7580, 95-7620.
 United States Court of Appeals, Second Circuit.
 May 21, 1996.
 
 APPEARING FOR APPELLANT: Dan Cherner, Law Offices of Frederick K. Brewington, New York, NY.
 APPEARING FOR APPELLEES:Robert J. Berman, Hackensack, NJ.
 S.D.N.Y.
 AFFIRMED.
 Present: MESKILL, CARDAMONE, MINER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record and was argued by counsel.
 
 
 2
 The Belmonts, a partnership consisting of Warren Gradus and Fred Milano (the "plaintiffs"), appeals from a judgment entered in the United States District Court for the Southern District of New York (Ellis, M.J.) awarding the plaintiffs, following a jury trial, $2.00 on their trademark infringement and unfair competition claims against Madison Square Garden Corporation ("Madison Square Garden") and $50,000 on their breach of contract claim against Dion DiMucci.
 
 
 3
 In the late 1950s, Milano, DiMucci, Carlo Mastrangelo, and Angelo D'Aleo began singing and recording songs together as "Dion and the Belmonts." In the early 1960s, DiMucci left the others to perform as a solo act, and, in the 1970s, Warren Gradus began to sing with the group on a regular basis. In 1989, Milano and Gradus, in the name of The Belmonts Partnership, registered the service mark, "The Belmonts," with the United States Patent and Trademark Office.
 
 
 4
 In May of 1991, Milano and DiMucci entered into an agreement (the "agreement"), in which DiMucci agreed to appear with Milano and others in up to five concerts under the name "Dion and the Belmonts," but only if certain conditions were met. Milano claims that he negotiated arrangements for as many as five concerts, but that DiMucci refused to honor the agreement. Also in 1991, DiMucci, D'Aleo, and Mastrangelo agreed with Dick Fox, a concert promoter, to perform at a concert at Madison Square Garden in January of 1992. Evidence was presented at trial that a marquee at Madison Square Garden indicated that "The Belmonts" would be performing at the concert.
 
 
 5
 On December 17, 1991, the plaintiffs commenced an action in district court against DiMucci, Mastrangelo, D'Aleo, Fox, and Madison Square Garden (together, the "defendants") for trademark infringement and unfair competition. On October 4, 1994, the district court granted the plaintiffs leave to amend the complaint to add claims of tortious interference with contract and breach of contract. The defendants filed a counterclaim, alleging, inter alia, that the plaintiffs had committed fraud in registering their service mark.
 
 
 6
 The jury returned its verdict on March 7, 1995, finding that Madison Square Garden was liable for trademark infringement in the amount of $1.00 and for unfair competition in the amount of $1.00, and that DiMucci was liable for breach of contract in the amount of $50,000. Judgment was entered on March 23, 1995. On April 10, 1995, the plaintiffs moved, pursuant to Fed.R.Civ.P. 59, to amend the judgment. The plaintiffs sought, inter alia, a declaratory judgment, treble damages, and attorney's fees. On May 15, 1995, the district court denied the motion. The plaintiffs filed a notice of appeal on June 14, 1995, and, on June 26, 1995, DiMucci filed a Notice of Cross-Appeal.
 
 
 7
 On appeal, the plaintiffs argue that the district court erred in "fail[ing] to include defendant Madison Square Garden Corporation in the jury's consideration of liability on plaintiffs' claim of tortious interference with contract." This argument is meritless. The plaintiffs do not show that Madison Square Garden knew of the existence of any contracts or that it intentionally interfered with such contracts, as required for a tortious interference claim. See Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc., 968 F.2d 286, 292 (2d Cir.1992).
 
 
 8
 The plaintiffs also argue that the jury's award of $50,000 in damages on their breach of contract claim against DiMucci was inadequate and that the jury should have awarded damages on their tortious interference claim. The plaintiffs, however, fail to show that DiMucci has any additional liability on these claims. We also reject the plaintiffs' contention that the district court abused its discretion in instructing the jury that it could award nominal damages on their claims against Madison Square Garden. The plaintiffs do not provide any evidence that more than nominal damages were required to prevent future infringement of their service mark. Cf. Playboy Enters., Inc. v. Baccarat Clothing Co., 692 F.2d 1272, 1274-75 (9th Cir.1982).
 
 
 9
 Finally, the plaintiffs argue that the district court erred in denying their Rule 59 motion for a declaratory judgment, an injunction, treble damages, attorney's fees, and costs. We reject this argument. The plaintiffs do not show that a declaratory judgment or injunctive relief is necessary to prevent further infringement. In addition, due to the absence of a showing of bad faith on the part of the defendants, the district court properly exercised its discretion in refusing to award attorney's fees and costs. See George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1543 (2d Cir.), cert. denied, 506 U.S. 991 (1992). Finally, because the plaintiffs do not show that Madison Square Garden "intentionally us[ed] a mark ..., knowing such mark ... [was] a counterfeit mark," the district court properly refused to award treble damages under 15 U.S.C. § 1117(b).
 
 
 10
 We have considered the remaining claims by the plaintiffs and the claims on cross appeal by DiMucci, and we find them all to be without merit.